LoConto, P.J.
The plaintiff brought a complaint against the defendant for his failure to pay her for neurological services rendered to him. The defendant denied liability, moved to dismiss the complaint and counterclaimed alleging that the plaintiff is liable under G.L.c. 93A for seeking payments from an injured worker for health care services attributable to an industrial accident in lieu of seeking payment from the workers’ compensation insurer. After hearing held before the trial judge on August 27,1998, he allowed the plaintiff’s motion to dismiss the counterclaim and denied the defendant’s requests for attorney fees and costs, and for remedies available pursuant to the consumer protection statute. Aggrieved by these *171 rulings, essentially allowing the plaintiff’s motion to dismiss the counterclaim, the defendant commenced this Expedited Appeal pursuant to Rule 8A of the District/ Municipal Courts Rules for Appellate Division Appeal.[1]
The plaintiffs motion to dismiss the defendant’s counterclaim was in essence, a motion for judgment on the pleadings in accordance with rule 12(c) of the Massachusetts Rules of Civil Procedure. Although not required, where a trial judge is presented with matters outside the pleadings, he is permitted to treat the motion as a motion for summary judgment.[2] Furnished with the same extraneous matters, we rule that there are no genuine issues of material fact to prevent resolution of the merits of the plaintiff’s motion on a summary judgment standard. For the following reasons, we agree with the trial judge’s allowance of the motion to dismiss, and dismiss the appeal.
It is undisputed that the defendant received neurological services from the plaintiff. It is also undisputed that the plaintiff received payment on twenty-eight of the forty-four billed treatment sessions. The unpaid bills were for services rendered approximately three years before the commencement of this action. The plaintiff had attempted to resolve this issue with defendant’s prior counsel. Her affidavit in support of her motion to dismiss the defendant’s counterclaim admits that she would render services and seek payments from the workers’ compensation insurer if the services would be covered. However, she avers that the defendant agreed that he would be personally bound by any uncovered bills. In response to the defendant’s counterclaim seeking recovery pursuant to the alleged consumer protection violations, the plaintiff’s Offer of Settlement promised to dismiss the complaint with prejudice if the defendant was able to procure payment from his insurer. In fact, the plaintiff dismissed her appeal of the trial judge’s allowance of the defendant’s motion to dismiss the plaintiff’s complaint when she received payment from the workers’ compensation insurer. The validity of the defendant’s counterclaim is the remaining issue.
The defendant’s argument suggests that the plaintiff’s filing of a civil complaint without pursuing her claim in the Department of Industrial Accidents constitutes a prima facie case under G.L.c. 93A Specifically, he claims that she failed to follow the Code of Massachusetts Regulations and did not exhaust her remedies within the workers’ compensation forum. The parties’ briefs and arguments emphasize two points of contention. Firstly, can an employee freely contract with a medical provider outside of chapter 152. Secondly, the extent to which a provider must endeavor within the administrative forum in collecting for services rendered to an injured employee. We rule that no resolution of these issues in favor of the defendant suggests that the plaintiff committed an unfair or deceptive act or practice prohibited by G.L.c. 93A.
Courts should use a case-by-case determination to gauge whether conduct falls within the scope of chapter 93A and such determination is not dependant on tort or contract law concepts. Heller v. Silverbranch, 376 Mass. 621 (1978). Rather, “ [t] his flexible set of guidelines as to what should be considered lawful or unlawful under c. 93A suggests that the Legislature intended the terms ‘unfair and deceptive’ to grow and change with the times.” Nei v. Burley, 338 Mass. 307, 313 (1983). Furthermore, a wrongful or illegal act itself does not necessarily give rise to a chapter 93A claim. We would agree that if the plaintiff commenced this suit know *172 ing the claim was groundless, her conduct would violate chapter 93A However, if there was a sound basis for the plaintiffs action, then no consumer protection liability results. From the mere fact that the plaintiffs claim against the defendant might have been unsuccessful, it does not necessarily follow that a chapter 93A violation has occurred. See Boothroyd Dewhurst, Inc. v. Poli, 783 F. Supp. 670, 678 (D. Mass. 1991). “[N]ot every unlawful act is automatically an unfair (or deceptive) one under G.L.c. 93A.” Mechanics Natl. Bank v. Killeen, 377 Mass. 100, 109 (1979).
In the present case, the plaintiff brought this complaint against the defendant based upon the defendant’s promise to pay any unsatisfied obligation for the services rendered. It is not necessary for us to decide whether a provider can contract with an injured employee outside the system, or who bears the burden of proving that services rendered are compensatory, in order to adjudicate the correctness of the trial judge’s ruling. The plaintiff waited three years after rendering the services before commencing this action and attempted to obtain payment with the assistance of the defendant’s prior counsel. Furthermore, she agreed to dismiss the claim if the defendant was successful in inducing payment by the insurer. Commencing this action for the payment of approximately $900.00 in unpaid charges, even if eventually determined to be unrecoverable, did not attain that “level of rascality” sufficient to find a violation of c. 93A. Worldwide Commodities, Inc. v. J. Amicone Co., Inc., 36 Mass. App. Ct. 304 (1994). Therefore, we find that the trial judge did not commit any error in allowing the plaintiff’s motion to dismiss the defendant’s counterclaim, and we dismiss the appeal.

 The plaintiff initially sought to appeal the trial judge’s allowance of the defendant’s motion to dismiss the plaintiff’s complaint, but withdrew her appeal when she was compensated for her services by the workers’ compensation insurer.

 At the conclusion of appellate argument, the parties were requested to submit to this appellate panel the identical material that was before the trial judge. That material appears to have been submitted.